153 N.J. Super. 406 (1977)
379 A.2d 1281
NEPTUNE CITY BOARD OF EDUCATION, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT,
v.
NEPTUNE CITY EDUCATION ASSOCIATION, AND HAYDEN L. MESSNER, JR., APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1977.
Decided October 25, 1977.
*408 Before Judges CONFORD, MICHELS, and PRESSLER.
Mr. William S. Greenberg argued the cause for appellants (Messrs. Greenberg & Mellk, attorneys; Mr. William S. Greenberg and Mr. Arnold M. Mellk on the brief).
Mr. Peter A. Kalac argued the cause for respondent (Mr. Joseph N. Dempsey, attorney).
PER CURIAM.
The Neptune City Education Association (Association) and Hayden L. Messner, Jr., a field representative employed by the New Jersey Education Association, appeal from a judgment of the Chancery Division permanently enjoining them from submitting a teachers' grievance to arbitration. The facts are not in dispute and only a legal question is here involved, namely, whether, pursuant to the terms of the contract between the Association and plaintiff Neptune City Board of Education (Board), the grievance was arbitrable. We are satisfied that the court erred in concluding that it was not.
The contract here in question covers the period of July 1, 1976 through June 30, 1978. It contains a provision permitting teachers "to leave the building without requesting permission during the scheduled duty-free lunch." When the contract went into effect, the sixth grade teachers in the junior high school had a scheduled one-hour, duty-free lunch. Thereafter, the Board's superintendent advised the Association of his unilateral decision to reduce the duty-free lunch period of the sixth grade teachers to 25 minutes in accordance with a request to that effect made by the seventh and eighth grade teachers. The Association thereupon initiated the negotiated grievance procedure on behalf of the sixth grade teachers who objected to the change, and when the Board refused to participate in that procedure on the ground that the issue was not grievable, the Association attempted to submit the dispute to arbitration.
*409 The applicable law governing arbitrability of disputes between public school teachers and boards of education rests upon fundamental principles which are now well settled. Preliminarily, the question as to whether a particular dispute is arbitrable is one which is subject to determination by the court. The judicial determination of arbitrability is dependent upon the finding that two conditions have been met. The first is that the subject of the dispute is a matter which is negotiable as a term and condition of employment in contradistinction to a matter of major educational policy within the Board's managerial prerogative and which it is without capacity to submit to negotiation. Having determined that the matter in dispute is negotiable, the next inquiry is whether it was in fact negotiated and whether a dispute in respect thereof is covered by the negotiated arbitration provision of the contract. See, generally, Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 25 (1973); Englewood Bd. of Ed. v. Englewood Teachers, 64 N.J. 1, 7 (1973). And see, Asbury Park Bd. of Ed. v. Asbury Park Ed. Ass'n, 145 N.J. Super. 495 (Ch. Div. 1976). See also, N.J.S.A. 34:13A-5.3. Finally, these determinations must be made in light of the strong public policy favoring arbitration of labor disputes. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, 1417 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1341, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Enterprise Wheel and Car Corp. 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). That public policy is clearly a matter of special imperative in labor disputes involving public employees from whom the right to strike has been withheld and for whom, accordingly, negotiation and arbitration constitute their primary recourse for the settlement of their disputes with management.
Application of these principles here poses no special difficulty. As to the issue of negotiability, to which the trial judge did not directly address himself, we recognize that *410 the distinction between terms and conditions of employment and matters of major educational policy may at times be elusive. That, however, is not the case here. The question of the length of the teacher's lunch period is clearly within the category of negotiability. That question obviously does not predominantly implicate an educational policy decision. It does on the other hand directly affect the personal welfare of the teachers. Compare Englewood Bd. of Ed. v. Englewood Teachers, supra (hours and compensation held to be negotiable); Ass'n of State Col. Fac. v. N.J. Bd. of Ed., 66 N.J. 72 (1974) (restrictions on outside employment held to be negotiable); Asbury Park Bd. of Ed. v. Asbury Park Ed. Ass'n, 145 N.J. Super. 495 (Ch. Div. 1976) (extra-curricular assignments held to be negotiable); Red Bank Bd. of Ed. v. Warrington, 138 N.J. Super. 564 (App. Div. 1976) (assignments of additional class periods held to be negotiable).
We are also satisfied that the matter was in fact negotiated. The contract, as we have noted, assured the grievants here their "scheduled duty-free lunch." Whether "scheduled" in that context means scheduled length at the time of execution of the contract or scheduled length as it might be from time to time thereafter modified by the Board is, of course, the very question of contract interpretation which is the essence of this dispute. Questions of contract interpretation are, moreover, clearly within the scope of the arbitration clause of the contract which provides that any grievance which "pertains to a matter of previous formal agreement" is arbitrable. This grievance, complaining of a reduction in the originally scheduled lunch hour, therefore, "pertains" to a matter which was the subject of formal agreement. Whether the grievants are correct in their interpretation of the scheduled duty-free lunch provision of the formal agreement is the meritorious question which the arbitrator and not the court must determine.
The judgment below is reversed.